**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In Re:

**ADVANCED UNDERGROUND INSPECTION, LLC,**

Debtor.

Case No. 18-46416
Chapter 11
Hon. Thomas J. Tucker

---

**FIRST DAY MOTION FOR ORDER PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICES PENDING DETERMINATION OF ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, AND APPROVING THE PROPOSED ADEQUATE ASSURANCE PROCEDURES UNDER SECTION 366 OF THE BANKRUPTCY CODE**

Advanced Underground Inspection, LLC ("Advanced Underground" or the "Debtor"), as Debtor and Debtor-in-Possession, by its proposed attorneys, Strobl & Sharp, P.C., moves this Court for entry of an Order, substantially in the form attached hereto as **Exhibit A**, prohibiting its utility companies (collectively, the "Utility Companies") from altering, refusing, or discontinuing services pending a determination of adequate assurance of payment, and approving the proposed Adequate Assurance Procedures, as defined below, under Section 366 of Title 11 of the United States Code, 11 U.S.C. §§101-1532 (the "Bankruptcy Code"). In support of this Motion, the Debtor respectfully represents as follows:

**BACKGROUND**

3. On May 1, 2018, (the "Petition Date"), the Debtor filed with this Court its voluntary petition for relief under Chapter 11 of Title 11, United States Code (the "Code"). Pursuant to

§§1107 and 1108 of the Bankruptcy Code, Debtor is continuing to operate its business and manage its properties and assets as a debtor-in-possession.

4. Advanced Underground is a single member limited liability company organized in the State of Michigan on August 8, 2001, by Jeana L. Garcia Moir and is currently in good standing under the laws of the State of Michigan. The Company has minority certification.

5. Advanced Underground was initially formed to provide storm and sanitary line video inspections to industrial and municipal customers. Today, the Company provides a full range of services, including sewer cleaning, catch basin and manhole cleaning, grouting, air testing, pipe and manhole rehabilitation and site restoration, as well as ancillary services related to storm and sewer systems for pump stations and waste water treatment plants, including sludge removal, water blasting, disposal services and hydro-excavating. The Company is the leading provider of underground infrastructure services to industrial, municipalities and state agencies throughout the mid-west.

6. The Debtor currently employs a labor force of thirty-two (32) individuals, including its management, sales, engineering, administrative and field staff (collectively, the "Employees").

7. The Debtor operates its principal business location in Westland, Michigan, and maintains locations in Maryland and Pennsylvania in order to service out-of-state customers.

**JURISDICTION**

8. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157 (b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

9. Pursuant to Section 366(a) of the Bankruptcy Code, the Debtor hereby seeks entry of an order (the "Order"): (a) determining that the Debtor's ability to make future payments to the Utility Companies, together with other security discussed herein, constitutes adequate assurance of payment for future utility services, pursuant to Section 366(b) and (c) of the Bankruptcy Code; and (b) providing that, after the 20-day period prescribed by Section 366(b) of the Bankruptcy Code, a Utility Company asserts that it has not received adequate assurance of payment from the Debtor as contemplated by Section 366(c) of the Bankruptcy Code, that such Utility Company provide the Debtor, and its undersigned proposed counsel, a written notice of its intent to discontinue services, absent a court order to the contrary, after the passage of ten (10) days without cure of any deficiency.

## THE UTILITY COMPANIES

10. Uninterrupted utility service is essential to the Debtor's ongoing operations and, therefore, to the success of its reorganization. Should any Utility Company refuse or discontinue service, even for a brief period, the Debtor would be forced to cease operations which would result in a substantial disruption of its ability to service its customers and loss of revenue. The temporary or permanent discontinuation of utility services at the Debtor's facilities could irreparably harm not only the Debtor's business but also jeopardize its reorganization efforts.

11. Consumer's Energy is the Debtor's energy provider at its Westland location. During the winter months, the Debtor's energy services average approximately $900 per month. The Debtor provides wireless service to its employees through Sprint. The average monthly Sprint charges are

approximately $1,069.64. The Debtor also maintains land line and wireless services through AT&T. The average monthly fees for services through AT&T is approximately $1,081.00. Debtor's internet services are provided through Comcast Business. The monthly fee for internet service is $498.70. Finally, Debtor's quarterly water and sewer charges through the City of Westland are approximately $600. See **Exhibit C**.

12. The Debtor also provides electric and gas service at a property leased by the Debtor's principal in Baltimore, Maryland, in order to provide cost effective housing to employees while they are on out-of-town projects. All of the utility services in Baltimore are provided by BGE and average approximately $320.00 per month. See **Exhibit C**.

13. Other than the past due charges owed to the City of Westland for water and sewer services, the Debtor is current on its obligations to the Utility Companies and the Debtor intends to pay its post-petition obligations to the Utility Companies in a timely fashion.

**AUTHORITY FOR RELIEF REQUESTED AND ARGUMENT**

14. The policy underlying Section 366 of the Bankruptcy Code is to protect debtors from utility service cutoffs upon the filing of a bankruptcy case, while at the same time providing utility companies with adequate assurance that a Debtor will, in fact, pay for post-petition services. See N.R. Rep. No. 595, 95th Cong., 1st Sess. 350 (1978), reprinted in 1978 U.S.C.C.A.N. 5963, 6306.

15. In that regard, Section 366(b) of the Bankruptcy Code allows a utility company to alter, refuse or discontinue service to a debtor only if, within twenty (20) days after the filing of a petition commencing a case under Chapter 11, such utility company has not been provided from the debtor or the trustee adequate "assurance of payment" in the form of a deposit or other security, for services provided post-petition. Further, Section 366(c) of the Bankruptcy Code provides that in a

Chapter 11 case, a utility may alter, refuse or discontinue service to a debtor only if, within thirty (30) days after the filing of a petition commencing a case under Chapter 11, such utility has not received from the debtor adequate assurance of payment for utility services that is satisfactory to the utility company. See 11 U.S.C. §§ 366(b), (c).

16. For the purpose of Section 366(c), "assurance of payment" is defined to mean one of the following: (i) a cash deposit; (ii) a letter of credit; (iii) a certificate of deposit; (iv) a surety bond; (v) a prepayment of utility consumption; or (vi) another form of security that is mutually agreed upon by the utility company and the debtor or trustee. See 11 U.S.C. §§ 366(c)(1)(A).

17. The Debtor proposes to provide a one-month cash deposit as adequate assurance of payment (the "Adequate Assurance Deposit") to its Utility Companies based on the average monthly invoicing. The Debtor will provide an Adequate Assurance Deposit to Consumers Energy, Sprint, AT&T, Comcast and BGE if the respective utility service provider requests such security, provided, however, that: (a) such request is made in writing no later than twenty (20) days after the filing of this Motion (the "Request Deadline"); (b) the Utility Company does not already hold a deposit equal to or greater than the Adequate Assurance Deposit (which existing deposit will be deemed to be the Adequate Assurance Deposit); and (c) the Utility Company is not currently paid in advance for its services. An individual Utility Company's request for, and acceptance of, an Adequate Assurance Deposit will be deemed an acknowledgment and admission that the Adequate Assurance Deposit is the form of adequate assurance acceptable to it, within the meaning of Section 366 of the Bankruptcy Code. Similarly, if any of the utilities do not request an Adequate Assurance Deposit by the Request Deadline, they will be deemed to have adequate assurance that is satisfactory to it within the meaning of Section 366 of the Bankruptcy Code.

18. Section 366(c)(3)(A) allows a court, after notice and a hearing, to order the modification of the amount of adequate assurance of payment under Section 366(c)(2). Therefore, in order to comply with Section 366(c)(2) of the Bankruptcy Code, the Debtor proposes the procedures attached hereto as **Exhibit B** (the "Adequate Assurance Procedures").

19. The Debtor believes that a one-month security deposit, which is specifically contemplated by Section 366(c)(1)(A)(i) of the Bankruptcy Code, is a reasonable proposal. Relief similar to that requested in this Motion relating to procedures for adequate assurance of payment has been granted in other Chapter 11 cases, including cases filed in this District, since the amendments to the Bankruptcy Code's adequate assurance of payment provisions. *See e.g., In re Engineered Plastic Products, Inc.*, No. 06-42714 (MBM) (Bankr. E.D. Mich. April. 3, 2006); *In re Triangle Industries, Inc.*, No. 06-41077 (MBM) (Bankr. E.D. Mich. Mar. 21, 2006); *In re Dana Corporation*, No. 06-10354 (BRL) (Bankr. S.D.N.Y. Mar. 29, 2006); *In re ProCare Automotive Services Solutions LLC*, No. 06-10605 (PMC) (Bankr. N.D. Ohio Mar. 9, 2006).[1]

20. Moreover, the Debtor must have certainty that the proposed Adequate Assurance Deposit is "satisfactory" to the Utility Companies. The Debtor seeks to avoid the concern that thirty (30) days after the Petition Date, the Debtor will be informed that the proposed adequate assurance is not satisfactory or with an imminent threat to discontinue utility service.

21. The Debtor believes that granting the relief requested will not prejudice the rights of the Utility Companies under Section 366 of the Bankruptcy Code.

---

[1] Copies of these unreported orders are available upon request to the Debtor's proposed counsel.

## NOTICE

22. No trustee, examiner, or creditors' committee has been appointed in this Chapter 11 case.

23. A complete copy of this Motion has been served first-class mail on: (a) the United States Trustee; (b) the twenty (20) largest unsecured creditors; (c) Consumers Energy; (d) Sprint; (e) AT&T; and (f) Comcast. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is required.

## WAIVER OF MEMORANDUM OF LAW REQUESTED

24. As this motion raises no novel issues of factor or law, and the legal basis relied upon by the Debtor has been adequately set forth herein, the Debtor requests that the requirement for a separate memorandum of law be waived.

## NO PRIOR RELIEF REQUESTED

25. No prior request for the relief sought in this Motion has been made to this or any other Court.

**WHEREFORE**, Advanced Underground Inspection, LLC respectfully requests that the Court enter an Order substantially in the form attached hereto as **Exhibit A**: (a) prohibiting the Utility Companies from altering, refusing or discontinuing services pending a determination of what constitutes adequate assurance of payment; (b) approving the Adequate Assurance Procedures pursuant to Section 366(b), (c) of the Bankruptcy Code; and (c) granting such other and further relief as the Court deems appropriate.

Respectfully submitted,

**STROBL & SHARP, P.C.**

　　　*/s/Lynn M. Brimer*
LYNN M. BRIMER (P43291)
PAMELA RITTER (P47886)
Strobl & Sharp, P.C.
300 E. Long Lake Road, Suite 200
Bloomfield Hills, MI 48304-2376
(248) 540-2300; Fax (248) 645-2690
Email: lbrimer@stroblpc.com
　　　　pritter@stroblpc.com
Proposed Attorneys for Debtor and Debtor-in-Possession

Date:　May 1, 2018

**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In Re:

**ADVANCED UNDERGROUND INSPECTION, LLC,**

Case No.
Chapter 11
Hon.

Debtor.

---

**INTERIM ORDER PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICES PENDING DETERMINATION OF ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, AND APPROVING THE PROPOSED ADEQUATE ASSURANCE PROCEDURES UNDER SECTION 366 OF THE BANKRUPTCY CODE**

Advance Underground Inspection, LLC ("Advanced Underground" or the "Debtor") as Debtor and Debtor-in-Possession in the above-captioned Chapter 11 case, filed a First Day Motion Seeking Entry of an Order Prohibiting Utility Companies (collectively, the "Utility Companies") from altering, refusing, or discontinuing services pending a determination of adequate assurance of payment, and approving the proposed Adequate Assurance Procedures (the "Motion"). This Court, after considering the record herein and hearing the argument of counsel, and notice being adequate and sufficient under the circumstances, finds that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334; (b) service and notice of the Motion and hearing was sufficient under the circumstances; (c) the Revised Adequate Assurance Procedures are in the best interest of the Debtor's estate, its creditors, and other parties in interest; and (d) that cause exists to grant the Motion.

**THEREFORE, IT IS ORDERED:**

1. The Motion shall be, and hereby is, GRANTED.

2. Pursuant to Sections 105 and 366 (b) and (c) of the Bankruptcy Code, and absent any further order of this Court, each of the Utility Companies is prohibited from altering, refusing, or discontinuing services to the Debtor, on account of unpaid pre-petition invoices because of the commencement of this case, or requiring the Debtor to pay a deposit or other security in connection with the provision of post-petition utility services, other than as provided by the Adequate Assurance Procedures, set forth in the Statement of Adequate Assurance Procedures filed on April __, 2018 (Docket No. __).

3. The Adequate Assurance Procedures set forth in the Statement of Adequate Assurance Procedures, are hereby APPROVED and incorporated into the terms of this Order.

4. Nothing in this Order or the Motion shall be deemed an assumption or adoption of any agreement under Section 365 of the Bankruptcy Code.

5. The Debtor, its officers, employees and agents, are authorized to take or refrain from taking such acts as are necessary and appropriate to implement and effectuate the terms of this Order and the relief sought in the Motion.

6. Upon entry, proposed counsel for the Debtor shall immediately serve this Order on the Utility Companies via facsimile to the extent possible and by overnight mail to the extent that it is not. Any objections to this Order must be filed within seven (7) days from the date of this Order and served upon proposed counsel for the Debtor and the U.S. Trustee. In the event an objection is filed, the Court shall promptly schedule a hearing to consider that objection. In the event no

objection is filed with the Court and properly served as set forth herein, this Order shall become a final order.

**EXHIBIT B**

**STATEMENT OF ADEQUATE ASSURANCE PROCEDURES**

1. Upon a Utility Company's written request to the Debtor's proposed counsel (at the address set forth in the Motion) for a deposit in an amount not greater than the amount set forth on **Exhibit C** with respect to such Utility Company that is actually received within seven (7) days after the entry of the Interim Order Prohibiting Utility Companies from Altering, Refusing or Discontinuing Services Pending Determination of Adequate Assurance of Payment for Future Utility Services, and Approving the Proposed Adequate Assurance Procedures Under Section 366 of the Bankruptcy Code (the "Request Deadline"), the Debtor shall provide, within five (5) business days after such request, as security deposit in an amount not greater than the amount set forth in **Exhibit C**, and the deposit shall be deemed to be an adequate assurance of payment that is satisfactory to the Utility Company;

2. If a Utility Company does not timely request a security deposit, then such Utility Company shall be provided, with respect to any undisputed charge for utility services furnished by the Utility Company to the Debtor post-petition, an allowed administrative expense in accordance with 11 U.S.C. §§ 503(b) and (507(a)(1), and such treatment shall be deemed to be adequate assurance of payment that is satisfactory to the Utility Company under Section 366 (c)(1)(A)(vi) of the Bankruptcy Code;

3. After the Request Deadline, no further requests for security deposits will be honored and every Utility Company failing to timely serve written request for adequate assurance shall be prohibited from terminating utility service to the Debtor, except by order of the Court upon notice and hearing;

4. If a Utility Company makes a written request to the Debtor's proposed counsel by the Request Deadline for a deposit in excess of the amount set forth on **Exhibit C** with respect to such Utility Company, or in some other form of adequate assurance of payment that the Debtor believes is unreasonable, the parties shall commence a reasonable period for discussion and negotiation (which shall not extend ten (10) days past the Request Deadline except upon agreement of the Debtor and the Utility Company). If a resolution cannot be reached within such time, the Debtor promptly shall tender to the Utility Company a deposit in an amount not greater than the amount set forth in **Exhibit C** and request a hearing to determine the adequate assurance of payment (the "Determination Hearing") to such requesting Utility Company on not less than ten (10) days notice;

5. In the event that a Determination Hearing is scheduled, any objecting Utility Company shall be deemed to have adequate assurance of payment without the need for payment of any additional

deposits or other security until an order of the Court is entered to the contrary in connection with such Determination Hearing;

6. In the event the Debtor becomes aware of a utility company not previously identified as a Utility Company on **Exhibit C** to the Motion, the Debtor shall promptly (within two (2) business days) serve a copy of the Motion and the entered Order to all such newly identified utility company(ies) with notice of the deposit amount proposed by the Debtor as adequate assurance. Each such newly identified Utility Company shall be provided a period of twenty (20) days from the date of service to send written request to the Debtor for additional or other form of adequate assurance and the parties shall proceed thereafter in compliance with the procedures set forth in Paragraphs 2, 3, 4, 5 and 6 above; and

7. Each and every Utility Company (including any newly identified Utility Company not identified in **Exhibit C** to the Motion), shall be prohibited from terminating, altering, modifying or refusing to provide utility service to the Debtor, except by Order of the Court upon notice of hearing, so long as Debtor is in compliance with the procedures set forth herein.

**EXHIBIT C**

**PROPOSED ADEQUATE ASSURANCE PAYMENT**

- Consumers Energy – Average Monthly Payment = $900.00
- Comcast – Internet – Average Monthly Payment = $498.00
- Sprint - Phone/Wireless Service – Average Monthly Payment = $1,069.00
- AT&T – Phone/Wireless Service – Average Monthly Payment = $1,081.00
- City of Westland, Water and Sewer Department – Water/Sewer Services – Average Quarterly Payment = $600.00
- BGE: - Baltimore Utilities – Average Monthly Payment = $320.00